UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>      v.<br>ANTHONY MEYERS,<br>          Defendant. | Case No. 12-cr-00248-PJH-3<br><br>**ORDER DENYING REQUEST FOR RELIEF**<br>Re: Dkt. No. 199 |

      Defendant Anthony Meyers has submitted a letter requesting information about whether he is eligible for relief under Amendment 782 ("Drugs minus two") to the Sentencing Guidelines.  Dkt. no. 199.  The court having referred the letter to the Federal Public Defender's Office ("FPD") for the limited purpose of addressing defendant's inquiry, the FPD has filed a notice of non-intervention, construing defendant's letter as a pro se motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) as amended by U.S.S.G. Amendment 782, effective November 1, 2014.  The FPD's notice states that the FPD is not presently seeking appointment in this matter and will not seek to intervene in seeking a reduction of defendant's sentence pursuant to 18 U.S.C. 3582(c)(2).  Dkt. no. 202.

      The Probation Office subsequently filed a sentence reduction investigation report, stating that its review of defendant's presentence report, as well as the Statement of Reasons, revealed that defendant is not eligible for a reduction in his sentence because he was convicted of Conspiracy to Commit Robbery Affecting Interstate Commerce, not a drug offense.  The probation report notes that only offenses governed by U.S.S.G.

1  § 2D1.1 (Unlawful Manufacturing, Importing/Exporting, or Trafficking of Drugs) are
2  eligible for reduction pursuant to Amendment 782.  Dkt. no. 205.
3  　　　　The court hereby construes defendant's inquiry about the availability of relief
4  pursuant to Amendment 782 as a motion for reduction of sentence pursuant to
5  § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) as amended by U.S.S.G. Amendment 782.
6  The court concludes that no response by the government is necessary to determine
7  whether relief is warranted.  Amendment 782 revised the Drug Quantity Table in U.S.S.G.
8  § 2D1.1, applicable to sentences imposed for certain drug-related convictions.  In light of
9  the Sentence Reduction Investigation Report and the court's own familiarity with the
10 procedural history and sentencing in this case, the court finds that defendant is not
11 eligible for relief under Amendment 782 because defendant was sentenced under the
12 offense level determined by U.S.S.G. § 2B3.1, the guideline for robbery offenses, rather
13 than the guideline for drug offenses.  *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) ("a reduction in
14 the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is
15 not consistent with this policy statement if: (i) None of the amendments listed in
16 subsection (d) is applicable to the defendant . . . .").
17 　　　　By separate letter to the court, defendant has inquired about seeking relief
18 pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).
19 Dkt. no. 203.  Defendant's letter indicates that the Federal Public Defender's Office has
20 communicated with him regarding a *Johnson* claim.  The court takes no action on
21 defendant's inquiry about filing a § 2255 motion at this juncture.
22 **IT IS SO ORDERED.**
23 Dated: June 15, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

26 cc: Federal Public Defender's Office

2