UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ANTHONY JOSE MEYERS,<br>　　　　Defendant. | Case No. 12-cr-00248-PJH-3<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 218 |

　　Before the court is the motion of defendant Anthony Jose Meyers for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

　　Defendant initially filed a pro se motion for compassionate release on August 12, 2021. See Dkt. 218.

　　The court then issued an order setting a briefing schedule on defendant's motion for compassionate release. See Dkt. 220. In the order, the court noted that, pursuant to this court's Miscellaneous Order 2019.01.25, defendant's pro se motion for compassionate release was referred to the Federal Public Defender, who had "21 days to decide whether to assume representation of the defendant." The court also noted that there is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). United States v. Townsend, 98 F.3d 510, 512-513 (9th Cir. 1996). Nor is there a statutory right to counsel in connection with a motion brought under 18 U.S.C. § 3582(c).

　　After defendant's pro se motion for compassionate release was filed, more than 21

days passed without the FPD assuming representation.  Accordingly, the court's order stated that the motion would proceed pro se.

The government filed an opposition to the motion for compassionate release.  See Dkt. 222.  The Probation Office also provided a response to the compassionate release motion.  See Dkt. 219.  Defendant filed a reply on November 29, 2021.  See Dkt. 234.  The parties were then directed to file supplemental briefs, pursuant to court order.  See Dkt. 235.

Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

## I. BACKGROUND

On August 22, 2012, defendant pled guilty to conspiracy to commit robbery affecting interstate commerce.  See Dkt. 93.  Defendant's sentencing hearing was scheduled for November 7, 2012.  See Dkt. 129.  The Probation Office concluded that the Guidelines range for defendant's offense was 151 to 188 months.  Dkt. 123 at 2.  The government agreed with the Probation Office's calculation and recommended a low-end sentence of 151 months.  Id. at 4.  The court sentenced defendant to a term of imprisonment of 151 months.  See Dkt. 130.

Defendant is presently in the custody of the Bureau of Prisons ("BOP") at USP Beaumont.  Defendant has served approximately 110 months in federal custody.  See Dkt. 219 at 4. The government points out, and defendant acknowledges in reply, that after his sentencing in this case, defendant was further sentenced to a consecutive 42-month sentence for possessing a weapon in a federal prison.  See Dkt. 222 at 1; Dkt. 234 at 1.

Defendant now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A).  Defendant's motion appears to seek relief based on the health of his grandfather, the age of his mother, his desire to spend time with his children, and general concerns about the COVID-19 pandemic.  See Dkt. 218 at 1-2.

## II.  DISCUSSION

### A.  Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).  Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B.  Requirements for Relief

As applicable to defendant's motion, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after considering the applicable § 3553(a) factors.

As mentioned above, before the First Step Act, only the BOP director could file a motion for compassionate release.  Those motions were governed by the applicable policy statement at United States Sentencing Guideline § 1B1.13.  Indeed, the opening language of § 1B1.13 is: "Upon motion of the Director of the Bureau of Prisons under 18

3

U.S.C. § 3582(c)(1)(A)." (emphasis added). The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety. The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13, cmt. n.1.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13 remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release. See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons warranting release. See Aruda, 993 F.3d at 802.

C. Exhaustion

In its opposition to defendant's motion, the government initially argued that defendant had not exhausted his administrative remedies. See Dkt. 222 at 4. However, defendant argued in his reply that he had submitted an administrative request for release at the previous facility where he was housed, before being transferred to USP Beaumont. See Dkt. 234 at 3.

Because the record was unclear as to whether defendant had met the exhaustion requirement, the court directed the parties to file supplemental briefs on the issue of

4

exhaustion.  See Dkt. 235.

In the government's supplemental brief, it conceded that defendant had indeed exhausted his administrative remedies.  See Dkt. 236 at 2.  Accordingly, the court concludes that the exhaustion requirement is met, and the court will consider the merits of defendant's motion for compassionate release.

### 1. Extraordinary and Compelling Reasons

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances."  U.S.S.G. § 1B1.13, cmt. n.1.  In this case, the arguments made in defendant's motion and reply are primarily based on general concerns about the COVID-19 pandemic.  See, e.g., Dkt. 234 at 4-6.  Defendant's opening motion also referenced the health of his grandfather, the age of his mother, and his desire to spend more time with his children.  See Dkt. 218 at 1-2.

Regarding COVID-19, the government points out that defendant has received two doses of the Pfizer vaccine, in May and July 2021.  See Dkt. 222 at 8.

The court concludes that defendant's concerns about COVID-19 do not constitute extraordinary and compelling circumstances warranting release.  While the COVID-19 vaccines may not provide absolute protection against all infections, the evidence so far shows that they do provide significant protection against severe illness and death resulting from the coronavirus.  See, e.g., United States v. Meza-Orozco, 2021 WL 3630519 (W.D. Wash. Aug. 17, 2021) ("The Court understands that the science is still evolving as to vaccine efficacy and the Delta variant, but it appears conclusively established that fully vaccinated individuals are reasonably protected from hospitalization and death.").

Accordingly, the court finds that the COVID-related conditions of confinement do not constitute extraordinary and compelling circumstances warranting compassionate release.

As mentioned above, defendant further cites the health of his grandfather, the age of his mother, and his desire to spend more time with his kids as extraordinary and compelling circumstances warranting release.  The application notes to the policy statement define the type of "family circumstances" warranting release as: (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children, or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.  U.S.S.G. § 1B1.13, cmt. n.1(C).  Again, while the policy statement is no longer binding, the court does find it persuasive.

The court concludes that defendant's family circumstances do not constitute extraordinary and compelling circumstances warranting release.  The court also concludes that the totality of the circumstances does not constitute extraordinary and compelling circumstances warranting release.  Moreover, the court further notes that, even if the court were to find that the totality of the circumstances presented by defendant were sufficiently extraordinary and compelling to warrant release, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 2. Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  See 18 U.S.C. § 3553(a)(2)(A)–(C).

Looking to the nature and circumstances of the offense and the history and characteristics of the defendant, defendant pled guilty to conspiracy to commit armed robbery.  See Dkt. 222, Ex. D.  Based on his criminal history, defendant was considered a career offender.  Dkt. 123 at 3.

Defendant's Guidelines sentencing range was between 151 and 188 months. See Dkt. 222, Ex. A. The court sentenced defendant to a low-end Guidelines sentence of 151 months. See Dkt. 130. Defendant has served approximately 110 months of his sentence. See Dkt. 219.

While in custody, defendant has eleven disciplinary reports, including six for possession of a dangerous weapon. See Dkt. 222, Ex. C. Defendant was sentenced to an additional, consecutive 42-month sentence in connection with one of these incidents. Specifically, defendant was convicted in the Western District of Virginia of possession of a 6.5 inch sharpened plastic weapon and was sentenced to 42 months imprisonment, to be served consecutively to his current sentence.

Overall, given that defendant was already given a low-end Guidelines sentence, and given defendant's multiple incidents of possessing a dangerous weapon while in custody, the court founds that a reduction of sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. Moreover, a reduction would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

On balance, the court finds that the relevant § 3553(a) factors do not support defendant's request for a reduction in sentence.

### III. CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2022

          /s/ *Phyllis J. Hamilton*
    PHYLLIS J. HAMILTON
    United States District Judge