UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12-cr-00248-PJH-3 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |
| ANTHONY JOSE MEYERS, | |
| Defendant. | Re: Dkt. No. 263 |

Before the court is the motion of defendant Anthony Jose Meyers for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Defendant previously filed a pro se motion for sentence reduction under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) on August 12, 2021. See Dkt. 218. That motion was denied on March 1, 2022. See Dkt. 237.

On August 14, 2023, defendant filed the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(2). See Dkt. 263. The Federal Public Defender then filed a statement indicating that it did not intend to assume representation of defendant, but taking no position on the merits of the motion. See Dkt. 264.

The court then set a briefing schedule on defendant's motion, setting an opposition date for the government and a reply date for defendant. See Dkt. 265. The government filed a motion for an extension of time to oppose the motion, which the court granted. See Dkt. 267.

The government filed its opposition on September 29, 2023. See Dkt. 269. Defendant then filed his reply on November 1, 2023. See Dkt. 271. Then, defendant

filed another brief on November 20, styled as a "memorandum of law in support of motion for modification of sentence." See Dkt. 272.  Although the court's previous order stated that "the motion will thereafter be submitted on the papers" after the reply's filing, in this instance, the court will consider defendant's supplemental filing made on November 20.

## BACKGROUND

On August 22, 2012, defendant pled guilty to conspiracy to commit robbery affecting interstate commerce. See Dkt. 93.  Defendant's sentencing hearing was held on November 7, 2012.  See Dkt. 129.  The Probation Office concluded that defendant was to be considered a career offender for sentencing purposes, and that the Guidelines range for defendant's offense was 151 to 188 months.  Dkt. 123 at 2.  The government agreed with the Probation Office's calculation and recommended a low-end sentence of 151 months.  Id. at 4.  The court sentenced defendant to a term of imprisonment of 151 months.  See Dkt. 130.  In connection with his previous motion for compassionate release, defendant acknowledged that, after he was sentenced in this case, he was further sentenced to a consecutive 42-month sentence for possessing a weapon in a federal prison.  See Dkt. 222 at 1; Dkt. 234 at 1.

## DISCUSSION

Defendant seeks a modification of his sentence based on Amendment 798 to the United States Sentencing Guidelines, which deleted the residual clause in the Guideline relating to career offenders.  See U.S.S.G. App. C, amendment 798 (Supp. Nov. 1, 2016).

As mentioned above, defendant was sentenced on November 7, 2012.  The Sentencing Guidelines were not amended to remove the residual clause until November 1, 2016.  A Sentencing Guideline amendment applies retroactively "only if it clarifies existing law, rather than substantively changes the Guidelines." United States v. Adkins, 883 F.3d 1207, 1211-12 (9th Cir. 2018) (citing United States v. Morgan, 376 F.3d 1002, 1010-11 (9th Cir. 2004)).

To determine whether an amendment is substantive or clarifying, courts apply

"three non-exclusive factors," as "there is no bright-line test for distinguishing between clarifying and substantive amendments." Adkins, 883 F.3d at 1212 (citing Morgan, 376 F.3d at 1010-11).  The three factors are: (1) "whether the amendment is included on the list of retroactive amendments found in U.S.S.G. § 1B1.10," (2) "whether the Commission itself characterized the amendment as a clarification," and (3) "whether the amendment resolves a circuit conflict."  Adkins, 883 F.3d at 1212 (citing Morgan, 376 F.3d at 1010).

The Adkins court considered the retroactivity of the same amendment at issue in this case – namely, Amendment 798, removing the residual clause from the career offender guideline – and expressly held that "the Sentencing Commission's deletion of the residual clause in the career offender guideline is not retroactive."  United States v. Adkins, 883 F.3d at 1211 (emphasis added).

On the first factor, the Adkins court noted that "the Sentencing Commission has not used its delegated authority to make Amendment 798 retroactive, as the Commission has done for a list of other amendments."  883 F.3d at 1212.  The Adkins court then went on to hold that "the second and third factors do not weigh in favor of retroactivity."  Id.

None of the arguments made in defendant's motion, response to the government's opposition, or supplemental "memorandum of law" provide any basis for concluding that Amendment 798 should be applied retroactively.

Defendant's opening motion states that a sentence reduction is warranted "due to the amendment and its retroactivity," but does not provide any substantive argument for retroactivity.  See Dkt. 263 at 3.

Defendant's November 1 response does not address the issue of retroactivity. See Dkt. 271.

Defendant's November 20 supplemental brief argues that the Ninth Circuit's decision in United States v. Prigan "was a substantive decision that was precedent in the Ninth Circuit, and therefore would apply retroactively in the Ninth Circuit."  See Dkt. 272 at 2.  However, as discussed above, under Adkins and the authority on which it was based, Sentencing Guideline amendments do not apply retroactively when they are

substantive, they apply retroactively only when they "clarif[y] existing law." See Adkins, 883 F.3d 1211-12.

Because defendant's instant motion for sentence reduction (Dkt. 263) is based entirely on Amendment 798, and because the Ninth Circuit has expressly held that Amendment 798 is not retroactive, and because it is undisputed that defendant was sentenced in 2012 prior to the amendment taking effect in 2016, defendant's motion must be DENIED. The court need not address the government's alternative argument, that defendant's plea agreement waived his right to bring this motion.

Finally, the court notes that defendant has also filed a subsequent motion for sentence reduction, based on Amendments 813, 814, and/or 821 to the Sentencing Guidelines. See Dkt. 273 (filed January 22, 2024). The court takes no action on the January 2024 motion, and notes that this court's Miscellaneous Order 2023.10.10 applies to motions seeking reduction of sentence under Amendment 821, and provides for a 28-day period during which the parties may file a status report, motion, or stipulation, before the court is to take any action.

## CONCLUSION

For the reasons set forth above, the motion for reduction of sentence (Dkt. 263) pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED.**

Dated:  January 31, 2024

　　　　　　　　　　　　　　　　　　/s/ *Phyllis J. Hamilton*
　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　United States District Judge