UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　　v.<br>ANTHONY JOSE MEYERS,<br>　　　　Defendant. | Case No. 12-cr-00248-PJH-3<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE, GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 273, 278, 279 |

　　　　Before the court is the motion of defendant Anthony Jose Myers[1] for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

　　　　Defendant previously filed a pro se motion for sentence reduction under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) on August 12, 2021. See Dkt. 218.  That motion was denied on March 1, 2022. See Dkt. 237.

　　　　On August 14, 2023, defendant filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 798 to the United States Sentencing Guidelines. See Dkt. 263.  The court denied the motion based on Ninth Circuit authority that Amendment 798 was not retroactive. See Dkt. 274.

　　　　On January 22, 2024, defendant filed a third pro se motion for sentence reduction, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Dkt. 273.  The Office of the Federal Public Defender then filed a notice of appearance on defendant's behalf, and a status report indicating that the FPD would file an amended sentence-reduction motion along with a stipulated proposed briefing schedule. See Dkt. 275, 276.

---

[1] Defendant's motion notes that his name is misspelled as "Meyers" throughout the court and BOP records. See Dkt. 278 at 5, n. 2.  While the court notes the error and will use the correct spelling of "Myers" in the body of this order, at this time the court will leave the case name and caption as-is to avoid confusion and inconsistency in the court's records.

Defendant's counsel filed the amended motion[2], the government filed an opposition brief, and defendant's counsel filed a reply. See Dkt. 278, 283, 284. The government then filed an unopposed motion to file an amended opposition brief, "to clarify or otherwise correct the government's position on whether a change in law can constitute an extraordinary or compelling reason for sentence reduction." See Dkt. 285. The court permitted the government to file the amended opposition, and defendant filed a brief response addressing the amended argument. See Dkt. 287, 288.

The matter is now fully briefed, and having reviewed the parties' papers and having considered the arguments made by the parties, the court hereby rules as follows.

## BACKGROUND

The relevant factual background has been recounted in previous orders addressing defendant's pro se motions for sentence reduction. In relevant part, in August 2012, defendant pled guilty to conspiracy to commit Hobbs Act robbery. See Dkt. 93. Defendant was considered to be a career offender for sentencing purposes, and the Guidelines range for defendant's offense was 151 to 188 months. See Dkt. 123. The court sentenced defendant to low-end Guidelines sentence of 151 months. See Dkt. 130.

While serving the sentence imposed by this court, defendant was charged in the Western District of Virginia with possession of a prohibited object or weapon in federal prison. See, e.g., Dkt. 278 at 6, Ex. 1. Defendant pled guilty and was sentenced to a consecutive 42-month sentence. See id. Defendant's current projected release date is October 5, 2027. See Dkt. 278 at 6.

## DISCUSSION

A.    **Legal Standard**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). The

---

[2] Defendant also filed a motion to seal, seeking to seal certain medical records. See Dkt. 279. The motion to seal is GRANTED.

court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022).

Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement is found in the United States Sentencing Guidelines (U.S.S.G.) section 1B1.13, effective as of November 1, 2023.  It provides as follows:

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –
>
>     (1)    (A)    extraordinary and compelling reasons warrant the reduction; or
>
>                  (B)    the defendant
>
>                         (i) is at least 70 years old; and
>                         (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>     (2)    the defendant is not a danger to the safety of any other

person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)     the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a).

Section 1B1.13 defines "extraordinary and compelling reasons" to include: (1) defendant's medical circumstances, (2) defendant's age, (3) defendant's family circumstances, (4) sexual or physical abuse perpetrated by employees of BOP, (5) "other reasons" that are "similar in gravity" to reasons (1)-(4), or (6) retroactive changes in sentencing law where the defendant has served at least 10 years of his sentence.  See U.S.S.G. § 1B1.13(b).  The policy statement also states that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.  See U.S.S.G. § 1B1.13(d).

**B.     Exhaustion**

Defendant's motion argues that he exhausted his administrative remedies by filing a request with the BOP on April 29, 2024, and that more than thirty days have passed without a response.  See Dkt. 278 at 7 (citing Dkt. 278-1, Ex. 8).

The government's opposition brief acknowledges that the exhaustion requirement has been met.  See Dkt. 287 at 7.  Thus, the court concludes that defendant has indeed exhausted his administrative remedies.

**C.     Extraordinary and Compelling Reasons**

As mentioned above, although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the U.S.S.G. policy statement defines "extraordinary and compelling reasons" to include: (1) defendant's medical circumstances, (2) defendant's age, (3) defendant's family circumstances, (4) sexual or physical abuse perpetrated by employees of BOP, (5) "other reasons" that are "similar in gravity" to reasons (1)-(4), or (6) retroactive changes in sentencing law where the defendant has served at least 10 years of his sentence.  See U.S.S.G. § 1B1.13(b). Defendant proceeds under section (b)(5), arguing that he presents other reasons that are

similar in gravity to reasons (1)-(4).  See Dkt. 278 at 7.

Specifically, defendant's motion argues that the "now-disavowed police and prosecutorial practices that resulted in Mr. Myers's 2012 sentence, and his grossly disproportionate 2021 sentence, constitute extraordinary and compelling reasons to reduce his sentence."  See Dkt. 278 at 7.

The court will first address the issue of defendant's 2021 sentence, because the government argues that "this court does not have jurisdiction to adjudicate" the present motion because defendant "has completed the sentence imposed by this court" and must instead "file his motion for sentence reduction in the Western District of Virginia" where his current sentence was imposed.  See Dkt. 287 at 8-9.  The government cites a Third Circuit case holding that a section 3582 motion can be decided only by the sentencing court.  See United States v. Raia, 954 F.3d 594, 596 (3rd Cir. 2020).

The government further argues that defendant completed this court's 151-month sentence "on or about October 24, 2023."  See Dkt. 287 at 9 (citing Dkt. 287, Ex. 1). Thus, the government argues that defendant would have been released from prison last year if not for the 2021 conviction and the 42-month consecutive sentence imposed by the Western District of Virginia court.  See id. at 9.  The government argues that defendant must seek any sentence reduction in that district.  See id.

Defendant's reply argues that the government cites no case addressing this particular scenario, where a defendant is serving two consecutive sentences imposed by different district courts.  See Dkt. 284 at 2.  Defendant argues that, "by statute, consecutive sentences are treated as one aggregate sentence."  See id. at 2 (citing 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.")).  In this specific case, defendant cites BOP's own documents as having aggregated his sentences into a single 193-month sentence.  See id. at 2 (citing Dkt. 284-1, Ex. 10).  Defendant points out that the same BOP document also lists his Northern District of California conviction as a "current judgment" and "current obligation."  See id.

Defendant also argues that the document cited in the government's brief was dated February 3, 2021, and listed only a "projected release date" of October 24, 2023. See Dkt. 284 at 3. Defendant argues that the October 2023 date was a "future projection from an Individualized Needs Plan, not a sentence computation," and that "his release date is not fixed in the way that the government claims." See id. Specifically, defendant points out that he began serving his 151-month sentence on March 20, 2012, and "without good time credit," the "sentence from this court will not end until on or about September 30, 2024." See id. Defendant also cites a Seventh Circuit case holding that a district court may order the BOP to treat the earlier sentence as if it had expired earlier and to reduce the time remaining on the later sentence accordingly. See, e.g., United States v. Von Vader, 58 F.4th 369, 371 (7th Cir. 2023).

Overall, while the court is inclined to conclude that defendant should indeed seek relief in the Western District of Virginia, because of the lack of any clear legal authority on this issue, and out of an abundance of caution, the court will consider defendant's motion on the merits.

On the merits, defendant makes the following arguments: (1) his "career offender status in this case was based on non-violent crack offenses he committed at 19 and 22 years old that reflect arbitrary and racialized policing and prosecutorial practices," (2) his "2012 federal conviction was based on the now-disavowed ATF practice of planning fictitious stash house robberies, and his sentence is grossly disproportionate to those of his more culpable co-defendants," and (3) his "2021 consecutive sentence was grossly disproportionate to the sentence imposed on others convicted of the same offense and failed to account for his real need for self-protection at USP Lee after he was stabbed in the back." See Dkt. 278 at 8-14.

Regarding (1), defendant's career offender designation, the government argues that defendant cites no specific change in the law that would no longer treat his 2003 and 2006 convictions as predicate offenses for a career offender designation. See Dkt. 287 at 11-12. In reply, defendant acknowledges that his convictions would still indeed

constitute predicate offenses for a career offender sentence.  See Dkt. 284 at 4.

On the issue of defendant's age at the time of the predicate offenses, the government argues that, in addition to drug convictions when he was 19 and 22, defendant was also convicted of selling crack cocaine in 2009 and 2010 when he was 25 and 27 years old, respectively, both of which "could have also served as predicate offenses for his career offender designation."  See Dkt. 287 at 12.

The government cites these prior convictions when addressing argument (2), arguing that defendant received a longer sentence than his co-defendants due to his criminal history.  See Dkt. 287 at 13.  The government also points out that defendant received a sentence at the very low end of his Guidelines calculation range, which was 151 to 188 months.  See id.

Overall, while the court certainly finds merit in some of the arguments made in defendant's papers, the court ultimately concludes that defendant has not shown extraordinary and compelling circumstances warranting a sentence reduction.  In particular, as defendant acknowledges, his career offender status is unaffected by any intervening change in law.  Further, although this court does not believe it has the power to review another district court's sentencing decision, the court also finds no basis on which to conclude that the sentence imposed by the Western District of Virginia was "grossly disproportionate."

Moreover, the court further notes that, even if the court were to find that the circumstances presented by defendant were sufficiently extraordinary and compelling to warrant release, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

D.     **Section 3553(a) Factors**

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  See 18 U.S.C. § 3553(a)(2)(A)–(C).

In particular, as noted above, defendant's 151-month sentence was at the low end of his Guidelines range.  If his sentence were to be reduced, it would result in an unwarranted sentence disparity among defendants with similar records and similar criminal histories who have been found guilty of similar conduct.

In addition, defendant has eighteen disciplinary reports while in prison, including eleven for possession of a dangerous weapon or tool and two for fighting.  See Dkt. 287, Ex. 3.  Defendant argues that his disciplinary record is the result of "fears for his safety in the context of a dangerous prison," but the fact remains that defendant's conduct in prison must be considered when determining whether a sentence reduction would be consistent with the § 3553(a) factors.

Overall, given that defendant was already given a low-end Guidelines sentence by this court, and given defendant's multiple disciplinary incidents in prison, including after he was convicted in 2021 of possessing a weapon in prison and sentenced to an additional 42 months, the court cannot conclude that the relevant § 3553(a) factors support defendant's request for a reduction in sentence.  In addition, and for the same reasons, the court cannot make a determination that defendant would not pose a danger to public safety as provided in 18 U.S.C. § 3142(g).  Accordingly, defendant's motion to reduce his sentence is DENIED.

**CONCLUSION**

For the reasons set forth above, the motion for reduction of sentence (Dkt. 273, 278) pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED.**

Dated:  September 4, 2024

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge